UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



INSIGHT ENTERPRISES, INC. E-filing

Plaintiff(s),

v.

INSIGHT COMMUNICATIONS COMPANY INC.,
Defendant(s).

No. **C 08-03573 JCS**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**



IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 7/25/2008 | Complaint filed | |
| 10/10/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| Date | Event | Rule |
|---|---|---|
| 10/24/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a)(1) Civil L.R. 16-9 |
| 10/31/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CIVIL STANDING ORDERS FOR MAGISTRATE JUDGE JOSEPH C. SPERO**
(Revised 3/21/8)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

**A.   STANDING ORDER RE CALENDAR AND CONFERENCES**

1.   Civil Law and Motion is heard on Fridays at 9:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.   Criminal Law and Motion is heard on Fridays at 10:30 a.m.

3.   Case Management Conferences and Pretrial Conference are heard on Fridays at 1:30 p.m. Case Management Conferences are no longer recorded unless requested by counsel or in cases where at least one party appears pro se. Requests to appear telephonically at case management conferences must be filed and served one (1) week before the conference in accordance with Civil L.R. 16-10(a).

4.   In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed before a U.S. Magistrate Judge and a Request for Reassignment to a United States District Judge forms will be mailed to all parties. The parties are requested, within two (2) weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

5.   Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez at (415) 522-3691.

6.   All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

7.   In all "E-Filing" cases, when filing papers that require the Court to take any action (i.e. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hold punch paper (including

1  all exhibits) by the close of the next court day following the day the papers are filed electronically.
2  **These printed copies shall be marked "JCS Chambers Copy" and shall be submitted to the**
3  **Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Joseph C.**
4  **Spero", and "E-filing Chambers Copy." Parties shall not file a paper copy of any document with**
5  **the Clerk's office that has already been filed electronically.**

6      8.    Any proposed stipulation or proposed order in a case subject to electronic filing shall be
7  sent by mail to **jcspo@cand.uscourts.gov.** This address is to be used only for proposed orders unless
8  otherwise directed by the Court.

9      **B.    STANDING ORDER ON DISCOVERY DISPUTES**

10     9.    In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial
11 counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s)
12 in an effort to resolve these matters. After attempting other means to confer on the issue (i.e. letter,
13 phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice. The
14 location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second
15 by counsel for Defendant, etc. Within five (5) business days of the lead trial counsels' meet-and-confer
16 session, the parties shall provide a detailed Joint Letter to the Court. This Joint Letter shall include a
17 description of every issue in dispute and, with respect to each such issue, a detailed summary of each
18 party's final substantive position and their final proposed compromise on each issue. Upon receipt of
19 the Joint Letter the Court will determine what future proceedings are necessary.

20     10.    As soon as a party has notice of this order, the party shall take such affirmative steps as
21 are necessary to preserve evidence related to the issues presented by the action, including, without
22 limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voice
23 mails, and other electronically recorded material to the extent necessary to preserve information relevant
24 to the issues presented by this action.

25     11.    In responding to requests for documents and materials under Fed. R. Civ. P. 34, all
26 parties shall affirmatively state in a written response served on all other parties the full extent to which
27 they will produce materials and shall, promptly after the production, confirm in writing that they have
28 produced *all* such materials so described that are locatable after a diligent search of *all* locations at

2

which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12.  In searching for responsive materials in connection with Fed. R. Civ. P. 34 requests or for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13.  To the maximum extent feasible, all party files and record should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

14.  Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

15.  Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civl P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication. (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

**DEPOSITIONS**

16.  Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least thirty (30) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel form the deponent must reply and counter-propose in writing an

3

alternative date and place falling within thirty (30) days of the date noticed by the party seeking the deposition.

17. Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

### C. STANDING ORDER ON MOTIONS FOR SUMMARY JUDGMENT

18. Motions for summary judgment shall be accompanied by a joint statement of the material facts not in dispute by citations to admissible evidence. The parties shall file a joint statement of undisputed facts. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Separate statements of undisputed facts shall not be filed and will not be considered by the Court.

### D. SANCTIONS

19. Failure to comply with this Order of the Local Rules of this Court may result in sanctions. *See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

Dated: April 21, 2008

JOSEPH C. SPERO
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No. C      JCS

Plaintiff(s),

v.

**STANDING ORDER RE: CASE MANAGEMENT CONFERENCE**

Defendant(s).
_____/

     **Lead trial counsel** who will try this case are directed to confer in advance of the Case Management Conference with respect to all matters contained in the **March 1, 2007 Standing Order for all Judges of the Northern District of California** regarding Contents of the Joint Case Management Conference, including a **discovery plan and discovery limits** and all other matters described in Fed. R. Civ. P. 16(c), and 26(f) and Civil L.R. 16-10. Not less than seven (7) days before the conference, counsel shall file a Joint Case Management Conference Statement in compliance with Local Rule 16-9. If one or more of the parties is not represented by counsel (*a party appearing pro se)*, the parties may file separate case management conference statements. Pursuant to Civil L.R. 16-10(a) each party shall be represented at the Case Management Conference by lead trial counsel (or a party if *in pro se*) prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

     Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed. R. Civ. P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

Revised 4/22/8

Failure to comply with this Order, the provisions of the Federal Rules of Civil Procedure 16 and 26(f) or the provisions of Civil L.R. 16-10 may be grounds for sanctions. (*See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

Dated: April 21, 2008

_____
JOSEPH C. SPERO
United States Magistrate Judge

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF RULE DISCONTINUING SERVICE BY MAIL**

This is an E-filing case. Pursuant to Local Rule, the Court will no longer serve any counsel by mail. If counsel wish to be served with documents generated by the Court, they must register for E-filing pursuant to Local Rule 5-4 and General Order 45.

IT IS SO ORDERED.

Dated: May 30, 2003

JOSEPH C. SPERO
United States Magistrate Judge